Affirmed and Memorandum Opinion filed December 21, 2004









Affirmed
and Memorandum Opinion filed December 21, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-01093-CR

_______________

 

DAMIEN JERROD GENTRY, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

_______________________________________________________

 

On Appeal from the 248th District Court

Harris County, Texas

Trial Court Cause No. 926,268

_______________________________________________________

 

M E M O R A N D
U M   O P I N I O N

Appellant was convicted of capital murder and sentenced to
life imprisonment.  In two issues,
appellant contends the State=s evidence was (1) insufficient to corroborate the testimony
of an accomplice witness, and (2) legally and factually insufficient to support
his conviction.  Because all dispositive
issues are clearly settled in law, we issue this memorandum opinion and affirm.  See Tex.
R. App. P. 47.4.

 








Background

According to the State=s evidence, on September 26, 2002,
appellant and Arlena Steadman[1]
drove to the Glenwood Forest apartment complex to visit appellant=s daughter.  Following the visit, appellant and Steadman
decided to go visit the complainants, Kevin and Harvey Jones, who lived at the
same apartment complex.  The complainants
were appellant=s cousins. 

Appellant and Steadman walked to the complainants= apartment and were let inside.  Appellant exchanged drugs with one of the complainants.  After about twenty minutes, Steadman walked
outside to get her purse from appellant=s car.  As she approached the car, she saw that it
was being burglarized.  She ran back to
the complainants= apartment to get help. 
When appellant and the complainants got outside, the perpetrators of the
burglary were already gone, and the car was so damaged that it could not be
driven from the complex. 

Appellant called a wrecker service to tow his car and also
called Sharonda Sanford and asked her to pick him up from the complex.  Sanford arrived at the complex before the tow
truck.  When the tow truck finally
arrived, the driver towed appellant=s car to his grandparents= home.  Appellant and Steadman rode with Sanford as
she followed behind the tow truck. 
Sanford took appellant and Steadman to the home of appellant=s grandparents.

After the tow truck left, appellant and Steadman got into
Steadman=s car.[2]  Appellant told Steadman that he wanted to go
back to the apartment complex and Ado =em.@ 
As Steadman drove appellant back to the apartment complex, she noticed
that appellant was carrying a gun.  








When Steadman and appellant arrived at the apartment complex,
they proceeded to the complainants= apartment, and Kevin Jones let them
inside.  They went into the bedroom and
began to use cocaine.[3]  Appellant placed the gun on a bed and asked
if Kevin knew who was responsible for the burglary of appellant=s car.  At some point during the conversation,
appellant took the gun from the bed and shot both of the complainants in the
head.

Steadman ran out of the apartment, and appellant followed
closely behind.  They then drove to the
Knoxwood Motel and checked into a room. 
While they were in the room, appellant told Steadman that he was going
to get rid of the gun.  Appellant left
the room, and when he returned, he told Steadman that he had thrown the gun
into a trash can.  Later, Sharonda
Sanford arrived at the motel to pick up appellant.  Appellant rode away with Sanford, and
Steadman drove away in her own car.

Sufficiency
Of The Evidence

In two issues, appellant contends that the evidence is
legally and factually insufficient to support his conviction because the State
failed to corroborate the testimony of an accomplice witness.  Initially, we note that the corroboration of
accomplice witness testimony is a statutory requirement and is not part of
either a legal or factual sufficiency review. 
See Cathey v. State, 992 S.W.2d 460, 462 (Tex. Crim. App. 1999).  Accordingly, we reject any attempt by appellant to superimpose
a legal and factual sufficiency review upon the accomplice witness standard.

While appellant=s substantive arguments focus on the
corroboration required of an accomplice witness, he also discusses the legal
and factual sufficiency standards of review. 
Therefore, we will address the accomplice witness rule and the legal and
factual sufficiency of the evidence.








Corroboration of Accomplice Witness
Testimony

Appellant contends that the evidence was insufficient to
corroborate Steadman=s accomplice witness testimony.[4]  Article 38.14 of the Texas Code of Criminal
Procedure provides that a conviction cannot be based upon the testimony of an
accomplice witness unless the testimony is corroborated by other evidence Atending to connect@ the defendant with the offense
committed.  Tex. Code Crim. Proc. Ann. Art. 38.14 (Vernon 1979).  In reviewing the sufficiency of
corroborating evidence, we eliminate the accomplice testimony from
consideration and then examine the remaining portions of the record to see if
there is other evidence that tends to connect the defendant with the commission
of the crime.  Solomon v. State,
49 S.W.3d 356, 361 (Tex. Crim. App. 2001). 
The non-accomplice evidence does not have to directly link the defendant
to the crime, nor does it alone have to establish his guilt beyond a reasonable
doubt; rather, the non-accomplice evidence merely has to connect the defendant
to the offense.  Burks v. State,
876 S.W.2d 877, 888 (Tex. Crim. App. 1994). 








Evidence of the defendant=s
presence at the scene, coupled with other suspicious circumstances, even
seemingly insignificant ones, may tend to connect the defendant to the
commission of the offense.  Dowthitt
v. State, 931 S.W.2d 244, 249 (Tex. Crim. App. 1996).  Similarly, evidence that the defendant was in
the presence of the accomplice at or near the time or place of the offense is
proper corroborating evidence.  McDuff
v. State, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997).  In this case, a non-accomplice witness,
Alesia Johnson, testified that she saw appellant and Steadman[5]
leaving the complainants=
apartment immediately after she heard gunshots.[6]  Johnson testified that as appellant walked
past her, appellant appeared to be holding something under his shirt.  Johnson=s
testimony places appellant at the scene of the crime with the accomplice under
suspicious circumstances.  Therefore,
Johnson=s
testimony is proper corroborating evidence. 
See id.; Dowthitt, 931 S.W.2d at 249. 

Additionally, there is non-accomplice testimony
that links appellant to the Knoxwood Motel, where the murder weapon was
discovered.  Appellant admitted that he
went to the Knoxwood Motel with Steadman on the day of the murders, but he
claimed that he and Steadman went to the motel before visiting his daughter at
the Glenwood Forest apartment complex. 
However, the State introduced non-accomplice testimony that shows
appellant and Steadman went to the Knoxwood Motel after the murders had been
committed.  

Specifically, Sharonda Sanford testified that she
met appellant and Steadman in a  motel
parking lot after she had picked them up from the Glenwood Forest
apartment complex.  Sanford could not recall the name or
exact location of the motel.  However,
Kathryn Rocia, who was staying at the Knoxwood Motel on the night of the
murders, testified that she saw Steadman with a black male at the motel.[7]  Rocia testified that she saw Steadman and the
black male meet someone in the parking lot and drive away in separate
cars.  When considered together, Sanford=s and Rocia=s testimony is evidence that Steadman
and appellant were at the Knoxwood Motel on the night of the murders, after the
murders.  Their non-accomplice testimony
corroborates Steadman=s
testimony and links appellant to the murder weapon.








After reviewing circumstances of the offense and
testimony from the non-accomplice witnesses, we conclude there is sufficient
evidence not derived from accomplice testimony to connect appellant to
commission of the offense.  Accordingly,
we find that article 38.14 has been satisfied.

Legal and Factual
Sufficiency

In
reviewing legal sufficiency of evidence, we examine all of the evidence in the
light most favorable to the verdict to determine whether any rational trier of
fact could have found the essential elements of the offense beyond a reasonable
doubt.  See Jackson v. Virginia,
443 U.S. 307, 319 (1979); Simmons v. State, 109 S.W.3d 469, 472 (Tex.
Crim. App. 2003).  In conducting our
review, we do not reevaluate the weight and credibility of the evidence, but
only ensure that the jury reached a rational decision.  Muniz v. State, 851 S.W.2d 238, 246
(Tex. Crim. App. 1993).

In
reviewing factual sufficiency of evidence, we 
view all of the evidence in a neutral light and will set aside the
verdict only if the evidence is so weak that the verdict is clearly wrong and manifestly
unjust, or the contrary evidence is so strong that the standard of proof beyond
a reasonable doubt could not have been met. 
Escamilla v. State, 143 S.W.3d 814, 817 (Tex. Crim. App.
2004).  When reviewing the evidence, we
must give appropriate deference to the to the jury=s findings in order to prevent
intruding on the fact finder=s role as the sole judge of the weight and credibility of the
evidence.  Johnson v. State, 23
S.W.3d 1, 7 (Tex. Crim. App. 2000).  In our
review, we should consider the evidence that appellant contends most undermines
the jury=s
verdict.  Sims v. State, 99 S.W.3d
600, 603 (Tex. Crim. App. 2003).

Appellant was convicted of capital murder.  To sustain appellant=s
conviction, the State was required to prove beyond a reasonable doubt that
appellant intentionally or knowingly caused the death of Kevin and Harvey Jones
during the same criminal transaction. See Tex. Pen. Code Ann. ''
19.02(b)(1), 19.03(a)(7) (Vernon 2003 & Supp. 2004B05).








To support his contention that the evidence is
legally and factually insufficient to sustain his capital murder conviction,
appellant points out that with the exception of Arlena Steadman, none of the
State=s
witnesses testified to actually seeing the murders.  However, when reviewing the legal and factual
sufficiency of the evidence, we consider all of the evidence, including
accomplice witness testimony.

Steadman testified that appellant went to the
complainants= apartment and intentionally shot
both complainants in the head, then discarded the murder weapon in a trash can
at the Knoxwood Motel.  The
non-accomplice evidence discussed above corroborates Steadman=s
testimony.  While appellant denied any
involvement in the murders, the jury was free to decide the credibility of
appellant=s testimony and that of the other
witnesses.  Cain v. State, 958
S.W.2d 404, 407 (Tex. Crim. App. 1997). 
Moreover, appellant does not direct us to any other contrary evidence
that would undermine the jury=s
verdict.

Based on the evidence presented, a reasonable jury
could have concluded beyond a reasonable doubt that appellant intentionally
caused the deaths of Kevin and Harvey Jones during the same criminal
transaction.  See Tex. Pen. Code Ann. ''
19.02(b)(1), 19.03(a)(7). Further, the jury=s verdict
was not so against the great weight of the evidence as to be clearly wrong and
unjust.  See Johnson, 23 S.W.3d at
6B7.  Accordingly, we find that the evidence is
legally and factually sufficient to support appellant=s
conviction for capital murder.

The judgment of the trial court is affirmed.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Memorandum Opinion filed December 21, 2004.

Panel consists of Chief Justice Hedges and Justices Fowler and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).

 











[1]  At the time of
trial, Steadman was known as Arlena Baines.





[2]  Steadman did
not own the car she was driving that day. 
She testified that she rented it from a Acrackhead.@





[3]  The record
indicates that only appellant, Steadman, and Kevin Jones used cocaine during
this time.





[4]  The State
argues that Steadman was not an accomplice even though the trial court gave a
jury instruction on the accomplice witness rule.  Because we find sufficient non-accomplice
evidence to corroborate Steadman=s
testimony, we assume without deciding that Steadman was an accomplice.





[5]  Johnson was
also able to positively identify appellant and Steadman in photo spreads she
viewed a few days after the murders. 





[6]  At the time
that Johnson saw appellant and Steadman leaving the complainants= apartment, she was not aware that the sounds she
heard were gunshots.  She described the
sounds as a Aboom, boom, boom, boom.@





[7]  Appellant is a
black male.